◼ CHARLES ROSARIO, an Infant, by His Guardian ad Litem, PABLO ROSARIO, et al., Appellants, v. ADAMS COAL CO., INC., et al., Respondents. WALLACE H. FLAX, Appellant.— In an action to recover damages for personal injury sustained by the infant plaintiff and for medical expenses and loss of services suffered by his father, the coplaintiff, said plaintiffs appeal from so much of an order of the Supreme Court, Kings County, dated November 28, 1962, approving the settlement and compromise of the action for $92,500, as: (1) failed to direct that any share of the said amount be paid to the father individually for nurse's services rendered to the infant and for medicines; and (2) as directed that the sum of $30,000 be paid to the father as guardian ad litem jointly with officers of the Dime Savings Bank of Williamsburgh. Plaintiff's attorney appeals from so much of the said order as fixed $20,000 for his fee, inclusive of disbursements. Order modified by amending its fourth decretal paragraph which provides *inter alia* for the deposit of $30,000 in the Dime Savings Bank of Williamsburgh, so as to direct: (a) that such sum be deposited in several different savings banks; and (b) that not more than $10,000 of such sum shall be deposited in any one savings bank. As so modified, the order, insofar as appealed from, is affirmed, without costs, and the matter is remitted to Trial Term for further proceedings in accordance herewith. Trust funds held or deposited are insured by the Federal Deposit Insurance Corporation in an amount not to exceed $10,000 (U. S. Code, tit. 12, § 1817, subd. [i]). It is the wise exercise of discretion to divide any sum in excess of that amount so as to afford the *cestui que trust* the greatest protection available. Ughetta, Acting P. J., Christ, Brennan, Hill and Rabin, JJ., concur.

◼ WAL-KAR MANUFACTURING CO., INC., Respondent, v. PETER MOSCA et al., Defendants, and EMILIO GOLISANO, Appellant.— In an action to recover a balance due for the manufacture of a product by the plaintiff for the defendants, in which: (a) a default judgment was entered on October 13, 1961 against the individual defendants; (b) an order, dated April 6, 1962, granted upon stated conditions the motion of the individual defendant Golisano to open his default; and (c) a further order, dated June 5, 1962, granted plaintiff's motion to reinstate said judgment as against said defendant Golisano by reason of his noncompliance with the conditions of said prior order of April 6, 1962, the said Golisano appeals: (1) from an order of the Supreme Court, Nassau County, dated August 24, 1962, which denied his motion to vacate the order of June 5, 1962; (2) as limited by his brief, from so much of a subsequent *undated* order of said court, granting his motion for reargument (returnable Sept. 26, 1962), as adhered to the court's original decision reinstating said judgment as to him; and (3) from the decision of the court dated August 14, 1962. Undated order entered on reargument, insofar as appealed from, affirmed, with $10 costs and disbursements. No opinion. Appeal from original order of August 24, 1962 dismissed, without costs. That order was superseded by the later order which granted the reargument. Appeal from decision dismissed; no appeal lies from a decision of the court. Kleinfeld, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.